UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO
(ALBUQUERQUE DIVISION)

| | |
|---|---|
| SAP AG, SAP AMERICA, INC. and SAP PUBLIC SERVICES, INC., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>EMERGIS TECHNOLOGIES, INC., f/k/a BCE EMERGIS TECHNOLOGIES, INC., <br><br>　　　　　Defendant. | Case No. <br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY AND UNENFORCABILITY** |

## INTRODUCTION AND BACKGROUND

1.　SAP AG, SAP America, Inc. and SAP Public Services, Inc. (collectively "SAP") hereby bring this action for declaratory judgment against Emergis Technologies, Inc., f/k/a BCE Emergis Technologies, Inc. ( "Emergis").   Specifically, SAP seeks, amongst other things, declaratory judgment of non-infringement, invalidity and unenforceability of U.S. Patent No. 6,044,362 ("the '362 patent"), entitled "Electronic Invoicing and Payment System."

2.　SAP AG is the world's largest business software company.  Founded in 1972 as Systems Applications and Products (SAP) in Data Processing, SAP has a history of innovation and growth that has made it the recognized leader in providing collaborative business solutions for all types of industries, in every major market.  In particular, SAP AG provides e-business and e-commerce software and solutions.  SAP AG employs people in more than 50 countries and serves more than 36,200 customers worldwide.

3.　SAP America, Inc. ("SAP America") is a United States subsidiary of SAP AG. SAP America services customers throughout the United States by, among other things,

1

providing business software to many state utility companies through SAP America's subsidiary, SAP Public Services, Inc.

4. Upon information and belief, Emergis is a patent holding company that makes no products and whose principal and only business is licensing and enforcing patents. Emergis claims to own the '362 patent. A true and correct copy of the '362 patent is attached as Exhibit A. Upon information and belief, since its inception, Emergis's primary business has been licensing and enforcing the '362 patent against companies including, for the most part, public utilities.

5. In particular, Emergis has filed at least 16 actions across the country against at least 21 entities for alleged infringement of the '362 patent. Emergis has brought action against Flathead Electric Cooperative, Inc., in the District of Montana; Otter Tail Corp., in the District of Minnesota; Kansas City Power & Light Co. in the Western District of Missouri; New Jersey Resources Corp., in the District of New Jersey; South Carolina Public Service Authority in the District of South Carolina; Great Lakes Energy Cooperative in the Western District of Michigan; Sacramento Municipal Utility District in the Eastern District of California; Orlando Utilities Commission in the Middle District of Florida; Walton Electric Membership Corporation, Flint Electric Membership Corp., and AGL Resources, Inc., in the Middle District of Georgia; Midwest Energy, Inc., Cable One, Inc., and Nuvox Communications of Kansas, Inc., in the District of Kansas; Avista Corp. in the Eastern District of Washington;  Jackson Electric Membership Corp. in the Northern District of Georgia; edocs, Inc., in the Middle District of North Carolina; MTEMC in the Middle District of Tennessee; and PNM, TNMP, and First Choice Power in this judicial district.

6. Upon information and belief, Emergis has approached additional entities nation-wide in attempt to license the '362 patent.

7. As part of its efforts, Emergis has approached, threatened and sued SAP customers. Some of those customers have approached SAP for relief. To date, one lawsuit against an SAP customer has been, with assistance from SAP, settled. One threat creating a reasonable apprehension of suit is pending. Given Emergis's efforts, SAP anticipates that additional threats will continue until Emergis is enjoined by court action. The facts relating to Emergis's actions are set forth below.

8. On January 25, 2006, Emergis filed a lawsuit against SAP customer Middle Tennessee Electric Membership Corporation ("MTEMC") in the United States District Court for the Middle District of Tennessee, Civil Action No. 3:06-0052, alleging that MTEMC's "electronic invoicing, payment and presentment 'EIPP' facility" offered on its website infringed the '362 patent. Emergis sought damages and an injunction.

9. MTEMC sought indemnification from SAP based on the Software License Agreement ("MTEMC Agreement") entered into between SAP Public Services, Inc. and MTEMC effective June 18, 2004. Under the agreement, SAP Public Services agreed to license certain software to MTEMC and SAP Public Services agreed to provide indemnification of certain claims. As part of its indemnity claim, MTEMC asserted that the technology accused by Emergis is implemented using SAP's software licensed under the MTEMC Agreement.

10. The MTEMC Agreement was assigned to SAP America on March 15, 2005.

11. In December 2006, having reached an arrangement with SAP, MTEMC settled with Emergis. A Joint Stipulation of Dismissal was filed on April 12, 2007, stipulating to dismissal of all claims between MTEMC and Emergis.

12. Most recently, Emergis engaged in a letter writing campaign with SAP customer City of Tacoma.

13. In particular, in March 2006 counsel for Emergis sent a letter to Tacoma Power (a division of Tacoma Public Utilities, the largest department of the City of Tacoma), alleging that Tacoma Power's online bill-paying feature infringes the '362 patent. The letter contained a claim chart, mentioned Emergis's other efforts to enforce the '362 patent through litigation and noted that if Tacoma Power chooses not to pursue licensing discussions Emergis will "consider appropriate next steps to protect Emergis's valuable intellectual property rights." The letter also cited the cost of litigation and advised that if Emergis brought suit against Tacoma Power, its "approach to calculation of damages in litigation will be altogether different" and that "in most instances, we expect that Emergis will seek compensatory damages."

14. In response to Emergis's letter, the City of Tacoma informed Emergis of its belief that the accused technology was implemented using SAP technology and that SAP was required to indemnify Tacoma for the claims made by Emergis. The City of Tacoma had entered into a Software License Agreement ("Tacoma Agreement") with SAP Public Services, Inc. effective June 11, 2002, whereby SAP Public Services agreed to license certain software to City of Tacoma. That agreement provides for indemnification of certain claims by SAP Public Services.

15. Emergis re-sent its March letter in April, 2006 and directly contacted City of Tacoma representatives by telephone on numerous occasions. Although discussions between Emergis and City of Tacoma continued and the threats escalated, they have recently broken down.

16. As the above-stated facts indicate, Emergis has asserted rights under the '362 patent based on certain identified ongoing activity of SAP and its customers. SAP and its customers contend that they have the right to engage in that accused activity without a

license.  Based on Emergis's threats and litigation against SAP customers and its litigation course of conduct, SAP and its customers are under reasonable apprehension of suit.

17. In terms of venue, of all the pending Emergis actions, the one brought before this Court is the one that has advanced the furthest.  This Court has already construed the claims and has already analyzed the merits as to other, potentially similarly situated defendants. Further, Emergis has already availed itself of this jurisdiction by seeking licensing revenue in and bringing suit in this district. The relevant facts are set forth below.

### **RELATED LITIGATIONS WITH FINAL JUDGMENTS**

18. On or about February 3, 2006, Emergis sued three utility companies (PNM, TNMP and First Choice Power, collectively "PNM Resources") in the United States District Court for the District of New Mexico, No. 2:06-CV-0100-LCS, alleging that PNM Resources employed an electronic invoicing, payment, and presentment ("EIPP") facility to its customers on its web site that infringed the '362 patent.  The case was assigned to Magistrate Judge Leslie C. Smith.

19. On January 2, 2007, Magistrate Judge Smith issued an order construing the '362 patent claims in the PNM litigation.

20. On February 22, 2007, the Court in the PNM litigation granted the defendants' motion for summary judgment and dismissed Emergis's complaint in its entirety.

21. Final Judgment in the PNM litigation was entered on February 22, 2007.

22. In addition to the litigation in this Court, on January 25, 2006, Emergis sued Otter Tail Corporation in the District of Minnesota ("the Otter Tail litigation") alleging that Otter Tail's electronic invoicing, payment and presenting facility to its customers on its website infringes the '362 patent.

23. On March 19, 2007, the Judge in the Otter Tail litigation issued an order construing the claims of the '362 patent and granting Defendant's motion for summary judgment.

24. Final Judgment in the Otter Tail litigation was entered on March 19, 2007.

## AGREEMENT BETWEEN SAP AND EMERGIS

25. Prior to engaging in its activities adverse to SAP customers as set forth above, Emergis had agreed not to pursue actions that would limit SAP's sale or licensing of its software.

26. In particular, on or about September 30, 2001, Emergis signed a Software End-User License Agreement ("EULA") with SAPMarkets, Inc. The EULA, supported by mutual consideration, was assigned to SAP America in 2002.

27. The Emergis/SAP EULA entered into between Emergis and SAP and/or SAP's subsidiaries constitute a valid and enforceable agreement, supported by mutual consideration. SAP has satisfied and fully performed all of its obligations under the agreement.

28. Section 6.3(e) of the Emergis/SAP EULA stipulates that "Licensee [Emergis] agrees not to take any action that would limit SAP's independent development, sale, assignment, licensing or use of its own Software or Modifications or Extensions thereto."

29. Emergis' actions including threatening and instigating lawsuits against SAP's customers and alleging that SAP customers' bill payment features using SAP software infringe the '362 patent violate the terms of the Emergis/SAP EULA.

## THE PARTIES

30. SAP AG is a corporation organized and existing under the laws of Germany with its corporate headquarters and principal place of business at Dietmar-Hopp-Allee 16, Walldorf, Germany 69190.

31. SAP America is a corporation organized and existing under the laws of Delaware, with corporate headquarters at 3999 West Chester Pike, Newtown Square, Pennsylvania 19073.

32. SAP Public Services is a corporation organized and existing under the laws of Delaware, with a principal place of business at 3999 West Chester Pike, Newtown Square, Pennsylvania 19073.

33. Upon information and belief, Emergis is incorporated under the laws of the state of Delaware with a registered agent for service of process located at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

34. This is a declaratory judgment action brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., for patent non-infringement, invalidity and unenforceability arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over the causes of action stated herein pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

35. Emergis is subject to personal jurisdiction in this District because Emergis has purposefully availed itself of the privilege of doing business in New Mexico, including pursuing its licensing efforts and engaging in litigation in this district. N.M. Stat. Ann. § 38-1-16(A)(1),(3),(C). Further, upon information and belief, Emergis has substantial contacts with New Mexico because it has several e-invoicing licensees that have corporate filings and/or offices in New Mexico.

36. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Emergis has engaged in significant activity in this district including having engaged in such significant business activities including seeking licensing arrangements in this district and bringing a lawsuit based on the same patent at issue in this suit.

### COUNT ONE:  NON-INFRINGEMENT OF THE '362 PATENT

37. SAP incorporates by reference and realleges paragraphs 1 through 38, above, as if fully set forth herein.

38. The products and services provided by SAP and utilized by its customers do not infringe and have not infringed, either directly, indirectly, or by equivalents, any claim of the '362 patent.

### COUNT TWO:  INVALIDITY OF THE '362 PATENT

39. SAP incorporates by reference and realleges paragraphs 1 through 38, above, as if fully set forth herein.

40. The claims of the '362 patent are invalid for failure to satisfy the requirements of patentability specified by Title 35 of the United States Code, including §§ 101, 102, 103 and/or 112.

### COUNT THREE:  ESTOPPEL

41. SAP incorporates by reference and realleges paragraphs 1 through 38, above, as if fully set forth herein.

42. Under the doctrine of estoppel, by virtue of the September 30, 2001 EULA Agreement between Emergis and SAP, Emergis is estopped from asserting the '362 patent against SAP and is estopped from accusing SAP products of infringing.

43. Under the doctrines of collateral estoppel and issue preclusion, Emergis is estopped and precluded from asserting that SAP infringes, either directly, indirectly, or by equivalents, any claim of the '362 patent.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, SAP prays for judgment against Emergis as follows:

(a) Declare that SAP's products do not infringe, either directly or indirectly, literally or by equivalents, any claim of the '362 patent;

(b) Declare that the '362 patent is invalid;

(c) Issue an injunction preventing Emergis and those in concert with Emergis from harassing SAP customers, seeking licenses from SAP customers, and accusing SAP customers of infringing any Emergis's '362 patent based on the customers' use of SAP software;

(d) Issue an Order awarding SAP its costs, expenses and reasonable attorney fees as provided by law; and

(e) Award SAP any other and further relief as this Court may deem just and proper.

Dated: June 15, 2007

FISH & RICHARDSON P.C.

By: _____
Alice Tomlinson Lorenz
MILLER STRATVERT P.A.
Post Office Box 25687
Albuquerque, New Mexico 87125-0687
Telephone: (505) 842-1950
Facsimile: (505) 243-4408
alorenz@mstlaw.com

Katherine Kelly Lutton (*pro hac vice*)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071
lutton@fr.com

Attorneys for Plaintiffs
SAP AG, SAP AMERICA, INC. AND SAP PUBLIC SERVICES, INC.

50411807.doc